UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 06-6575 (JFB) (AKT)
_____

NEIL J. GIANNONE,

Plaintiff,

VERSUS

YORK TAPE & LABEL, INC.,

Defendant.

_____

MEMORANDUM AND ORDER
May 23, 2007

_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Neil J. Giannone brings the instant action against his former employer, York Tape & Label, Inc., seeking damages for the employer's enforcement of a non-competition agreement that was later declared void by the New York State Supreme Court. After removing the action to this Court, defendant filed a pre-answer motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the doctrine of *res judicata*. The instant motion addresses a very discrete issue – that is, whether, under New York law, the declaratory judgment exception to the doctrine of *res judicata* applies where the prior state action sought both declaratory and injunctive relief. As set forth below, the Court concludes that the exception does not apply because injunctive relief was sought (and in fact obtained) in the prior state court action and, thus, this lawsuit is barred by the doctrine of *res judicata*.

I. BACKGROUND

Plaintiff commenced an action in the Supreme Court of the State of New York, Suffolk County against defendant, his former employer, seeking a declaration of his rights under a restrictive covenant not to compete and an order permanently enjoining defendant from enforcing the restrictive employment covenants against him. By order dated September 21, 2005, the Supreme Court granted summary judgment on plaintiff's complaint, declaring the restrictive covenant void for lack of consideration and enjoining the enforcement of the restrictive covenant.

On September 25, 2006, plaintiff commenced the instant action against defendant, seeking damages for its commission of a commercial tort under New York law in enforcing the restrictive covenant that had been declared void by the September 21, 2005 order. Defendant removed the action to this Court on the basis of diversity of the parties on December 11, 2006.

II. DISCUSSION

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.[1] *See Cleveland v. Caplaw Enterp.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). A complaint should be dismissed under Rule 12(b)(6) "'only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Overton v. Todman & Co., CPAs, P.C.*, 478 F.3d 479, 483 (2d Cir. 2007) (quoting *Rombach v. Chang*, 355 F.3d 164, 169 (2d Cir. 2004) (internal quotation marks omitted)). The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005).

---

[1] A motion to dismiss on *res judicata* grounds is considered under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Thompson v. County of Franklin,* 15 F.3d 245, 253 (2d Cir. 1994) (*res judicata* "in no way implicates jurisdiction" and "challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)").

Here, defendant argues that the complaint is barred by the doctrine of *res judicata*. Under the doctrine of *res judicata*, otherwise known as claim preclusion, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) (internal quotation marks omitted) (emphasis added)); *accord Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine applies only if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N. Y. City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted). "In determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997). "Rather, the first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit." *Id.* Therefore, as the Second Circuit has noted, "the obvious starting point in a preclusion analysis is a determination of the issues that were litigated in the first action." *Flaherty*, 199 F.3d at 613. Furthermore, in evaluating the *res judicata* effect of a prior action, "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

Plaintiff does not dispute that the prior action involved an adjudication on the merits, that the prior action involved the same parties, and that the claims asserted in the instant action could have been raised in the prior action. However, plaintiff argues that an exception to the doctrine of collateral estoppel allows this case to proceed – namely, the declaratory judgment exception.

It is well established that "both federal and New York State law recognize the declaratory judgment exception articulated in the Restatement." *Harborside Refrig. Servs., Inc. v. Vogel*, 959 F.2d 368, 373 (2d Cir. 1992). The Restatement provides in relevant part:

> When a plaintiff seeks solely declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant. Instead, he is seen as merely requesting a judicial declaration as to the existence and nature of a relation between himself and the defendant. The effect of such a declaration, under this approach, is not to merge a claim in the judgment or to bar it. Accordingly, regardless of outcome, the plaintiff or defendant may pursue further declaratory or coercive relief in a subsequent action.

Restatement (Second) of Judgments § 33, comment c (1982). However, as noted above, this narrow exception in the Restatement is limited to cases where "a plaintiff seeks *solely* declaratory relief." *Id.* (emphasis added).

Thus, courts that "recognize an exception to ordinary *res judicata* principles" do so only where "the prior action involved *only* a request for declaratory relief." *Harborside Refrig. Servs.*, 959 F.2d at 372 (emphasis added); *see also Minneapolis Auto Parts Co. v. City of Minneapolis,* 739 F.2d 408, 410 (8th Cir. 1984) (applying Restatement (Second) § 33 and holding "we agree with the district court that claim preclusion applies when coercive relief is sought and granted in the first suit"); *accord Mandarino v. Pollard*, 718 F.2d 845, 848-49 (7th Cir. 1983) ("[P]ermitting [plaintiff] to proceed with his federal lawsuit would not further the purpose of declaratory actions, since his state court action did not seek 'solely' declaratory relief. Instead, his request for a judicial declaration was coupled with a request for a preliminary injunction . . . We conclude that even if the rule stated in Restatement (Second) of Judgments governed resolution of this appeal, [plaintiff's] pursuit of injunctive relief in his state court action would remove him from the protections of the rule."); *MTS, Inc. v. 200 E. 87th St. Assoc.*, 899 F. Supp. 1180, 1185-86 (S.D.N.Y. 1995) ("An action that seeks only declaratory relief may be subject to a restrictive application of claim preclusion principles. However, a prior action . . . that sought both declaratory and coercive relief is subject to the claim preclusion rules that apply to actions for coercive relief alone.") (citations and quotations omitted); *Univ. of N.H. v. April*, 347 A.2d 446, 450 (N.H. 1975) ("While the *res judicata* effect of a declaratory judgment as to matters which could have been litigated but were not has been held more restrictive than that of a full judgment on the merits, the basis for such differential treatment is lacking in the present action, where coercive relief was sought and granted in the prior one.").

The Second Circuit made clear in *Harborside* that New York law is consistent with the declaratory judgment exception articulated in the Restatement. *See*

3

*Harborside Refrig. Servs.*, 959 F.2d at 373 (concluding that the court need not decide whether federal or New York law applies to *res judicata* issue because "both federal and New York State law recognize the declaratory judgment exception articulated in the Restatement"). In other words, if a plaintiff seeks coercive relief (such as injunctive relief) in connection with a declaratory judgment action, the exception does not apply and a subsequent lawsuit for damages arising from the same conduct is barred by the doctrine of *res judicata*.

In the instant case, it is undisputed that plaintiff sought both declaratory and injunctive relief in the prior state court action. Specifically, in addition to declaratory relief regarding the restrictive covenant and confidentiality agreement, the complaint in state court sought judgment "enjoining the defendant from taking any action, by litigation or otherwise, based upon the restrictive covenant, either for monetary damages or to hinder or prevent plaintiff from seeking and performing employment freed from the provisions of the restrictive covenant." (Nov. 18, 2004 Compl., Ex. A to Def.'s Motion, at 5.) Furthermore, the September 25, 2005 Order of the Supreme Court of the State of New York granted summary judgment on plaintiff's motion to "permanently enjoin[] the defendant from enforcing certain restrictive employment covenants against him." (Def.'s Ex. B, at 1.) Therefore, under New York law as articulated in the Restatement and by the Second Circuit in *Harborside*, the declaratory judgment exception does not apply and this lawsuit is barred by the doctrine of *res judicata*.[2]

Despite the language of the Restatement and *Harborside*, plaintiff argues that, although he sought injunctive relief in addition to declaratory relief in the prior action, the declaratory judgment exception still applies. The only case plaintiff cites in support of his position is *Lynch v. Bailey*, 99 N.Y.S.2d 585 (N.Y. Sup. Ct. 1950), *aff'd* 108 N.Y.S.2d 134 (N.Y. App. Div. 1951), *aff'd* 107 N.E.2d 591 (1952). In *Lynch*, the New York Court of Appeals upheld the application of the declaratory judgment exception. *Lynch v. Bailey*, 107 N.E.2d 591 (1952). In *Lynch*, the Supreme Court recognized that, in the prior state court action, defendants were enjoined from enforcing a restrictive covenant that was declared void. *Lynch*, 99 N.Y.S.2d at 586. However, the court held that *res judicata* did not bar the subsequent action. *Id.* at 687. Plaintiff argues that, because the plaintiff in *Lynch* had also sought injunctive relief in his prior declaratory judgment action, New York law requires the application of the declaratory judgment exception, even where injunctive relief was sought.

As a threshold matter, neither the First Department nor the New York Court of Appeals in their brief orders of affirmance in *Lynch* addressed the fact that the declaratory judgment also involved injunctive relief. In fact, the dissent in the First Department case

---

[2] The fact that the prior action was a state, rather than federal, action has no impact for *res judicata* purposes. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467 (1982) ("Accordingly the federal courts consistently have applied *res judicata* and collateral estoppel to causes of action and issues decided by state courts."); *see also Burka v. N.Y. City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) ("In applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court."); *accord Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 267-68 (2d Cir. 1997).

4

noted the failure of the majority to address that issue. *See Lynch,* 108 N.Y.S.2d at 135 ("the plaintiff sought an injunction as well as declaratory judgment and he might have secured damages in that suit and the judgment is, therefore, *res judicata*"). Moreover, just three years after the decision in *Lynch*, the New York Court of Appeals again emphasized that when injunctive relief is sought in one lawsuit, a plaintiff cannot sue for damages in connection with the same injury in a subsequent lawsuit. *See Maflo Holding Corp. v. S.J.Blume*, 127 N.E.2d 558 (N.Y. 1955). In *Maflo Holding Corp.*, plaintiff, a landlord, had sought an injunction and damages from a tenant who refused to allow plaintiff access to the leased premises to perform certain repair work. *Id.* at 560. Plaintiff had been granted an injunction, "permanently enjoining the defendant from interfering with the plaintiff and its contractor in the performance of the necessary construction work." *Id.* Plaintiff did not offer proof as to damages in that action and "plaintiff's request for an additional allowance and costs was denied." *Id.* Plaintiff instituted a subsequent action seeking (1) damages from defendant's refusal to permit plaintiff access to the premises pursuant to a provision of the lease, and (2) additional rent and attorneys' fees for defendant's failure to abide by the lease. *Id.* at 559. The New York Court of Appeals affirmed the dismissal of the first cause of action, holding that it was barred by the final judgment that was entered in the prior suit for an injunction. *Id.* at 561. Specifically, the Court held:

> The first cause of action is based on the failure to allow access to the premises. It is the same cause of action which has been litigated on the merits to a final adjudication. Therefore, it is final as to all things which might have been litigated as well as those actually litigated. The plaintiff is precluded from suing for damages upon the first cause of action of the complaint herein. In *Inderlied v. Whaley*, [32 N.Y.S. 640 (N.Y. Sup. Ct. 1895), *aff'd* 156 N.E. 1118 (N.Y. 1898)], it was held that since a plaintiff could have demanded damages in the injunction action and did not do so, he was precluded from suing for them in a later action. This is the rule in this State. In New York there is only one form of civil action. The distinction between actions at law and suits in equity and the forms of those actions and suits have been abolished. (Civ. Prac. Act, § 8.) Therefore, the merger of legal and equitable remedies compels a plaintiff to seek in the equity proceeding whatever damages he may be entitled to and, if he made no demand for damages or failed to introduce proof as to damages, he is precluded from thereafter maintaining an action at law to recover damages.

*Id.* at 560-61 (internal citations and quotation marks omitted).

In addition, the New York Court of Appeals in *Maflo* distinguished *Lynch* as a declaratory judgment case and made no mention that it also involved an injunction:

> The appellant claims that the case of *Lynch v. Bailey* [108 N.Y.S.2d 134 (N.Y. App. Div. 1951), *aff'd* 107 N.E.2d 591 (1952)] has modified the rule. Such is not the fact. The Appellate Division was careful to point out that special rules apply to the

preclusive effect of declaratory judgment proceedings, as a court may in its discretion refuse to award all the relief sought and relegate the parties to an independent action for such other relief. Here, the evidence needed to sustain the first cause of action in its second action would have sustained the first action and the violation was a violation of but one right by a single legal wrong.

*Id.* at 561 (internal citations and quotation marks omitted). Thus, despite the fact that *Lynch* involved an injunction, this Court reads the later case of *Maflo* as limiting *Lynch* to cases involving only declaratory judgments – a conclusion that was implicitly reached by the Second Circuit in *Harborside*.[3] *See also Umhey v. County of Orange, N.Y.*, 957 F. Supp. 525, 530 (S.D.N.Y. 1997) (recognizing the need to "determine whether [plaintiff's] prior action sought coercive or injunctive relief" and that the declaratory judgment exception would not apply where a prior remedy was "one that award[ed] damages or command[ed] a defendant to do something or refrain from doing something.").

The limited precedential value of *Lynch* is further confirmed by the fact that no New York State court has cited it in over twenty-five years. Meanwhile, the rule set forth in *Maflo*, that seeking injunctive relief in one lawsuit precludes seeking damages in a subsequent lawsuit relating to the same conduct or transaction, has since been reiterated by New York courts.[4] *See, e.g.*, *Indus. Dev. Found. of Auburn v. U.S. Hoffman Mach. Corp.*, 229 N.Y.S.2d 857, 858 (N.Y. App. Div. 1962) (per curiam) ("In the equity action the plaintiff had not sought a recovery of any incidental damages, for the value of use and occupation or otherwise. The present effort to recover such damages to the time of the entry of the decree is violative of the principle forbidding the splitting of a single cause of action."); *Brandt v. Lawson Assoc., Inc.*, 196 N.Y.S.2d 835, 838 (N.Y. Sup. Ct. 1960) ("It is the law of this State that when one brings an action in equity for an injunction and obtains it, he cannot thereafter bring another action for money damages for the same cause which entitled him to an injunction."). It would be completely inconsistent with the Restatement (which the Second Circuit has equated with New York

---

[3] In fact, in noting that the declaratory judgment exception in the Restatement was consistent with New York law, the Second Circuit cited *Lynch*. *See Harborside Refrig. Servs.*, 959 F.2d at 373.

[4] Defendant also heavily relies on *Regan v. Metro. Life Ins.*, an unpublished decision of the Second Circuit. 80 Fed. Appx. 718 (2d Cir. Nov. 13, 2003). In *Regan*, the Second Circuit held that the declaratory judgment exception did not apply to a subsequent lawsuit because plaintiff "explicitly sought monetary damages" in his prior lawsuit. *Id.* at 721. The Court also noted that, "[i]n addition to damages, [plaintiff] also sought a variety of coercive relief in his state lawsuit, including an injunction requiring the defendants to alter their health plan and attorneys' fees and costs." *Id.* at 721-22. However, because *Regan* is an unpublished summary order, the Local Rules of the Second Circuit prevent both the parties and this Court from relying on this case. *See* Second Circuit Rule § 0.23 ("Citation to summary orders filed prior to January 1, 2007, is not permitted in this or any other court, except in a subsequent stage of a case in which the summary order has been entered, in a related case, or in any case for purposes of estoppel or *res judicata*."). Therefore, the Court is not relying on *Regan* in connection with its decision on the instant motion.

6

law), as well as *Maflo* and its progeny, for this Court to conclude that, even though a plaintiff clearly sought an injunction in connection with an initial lawsuit, that plaintiff could immunize himself from the doctrine of *res judicata* in a second lawsuit simply by also seeking declaratory relief in the first action. Thus, a plaintiff removes the lawsuit from the narrow confines of the declaratory judgment exception where the plaintiff seeks coercive relief in the first action, in the form of damages or an injunction.

In sum, it is clear that, where, as here, plaintiff sought an injunction in addition to declaratory relief in the first action, plaintiff is barred in this second lawsuit from seeking further coercive relief, such as damages, by the doctrine of *res judicata*.[5]

---

[5] In a footnote, plaintiff also suggests that the doctrine of *res judicata* is inapplicable because there was never a final judgment in the state action. (Pl.'s Opp., at 1 n.1.) That argument is similarly unavailing. In the instant case, it is clear that the state court granted summary judgment in the September 21, 2005 Order and permanently enjoined certain conduct by the defendant. Therefore, this final decision on the merits, from which no appeal was taken, has *res judicata* effect even if not reduced to a formal final judgment. *See Jacobson*, 111 F.3d at 268 (holding that appraisal award had *res judicata* effect, although it was never confirmed or entered as a judgment in the state court, and noting that, "[o]ur ruling is consistent with related New York authority holding that *res judicata* applies where, as here, there has been a final disposition on the merits from which no appeal has been taken.") (collecting cases).

## III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. The Clerk of the Court shall close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: May 23, 2007
Central Islip, New York

\* \* \*

The attorney for plaintiff is John G. Poli, Esq., John G. Poli III, P.C., 200 Laurel Avenue, P.O. Box 59, Northport, New York 11768. The attorneys for defendant are Thomas M. Lancia, Esq., 217 Broadway, Suite 608, New York, New York 10007, and Maynard A. Buck, Esq., and William J. Shin, Esq., 200 Public Square, Suite 2300, Cleveland, Ohio 44114.

7